**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**EDWARD LEVI FERGUSON, JR.**                                                                      **PLAINTIFF**

V.                     **No. 5:05CV00078-GH-BD**

**CORRECTIONAL MEDICAL**
**SERVICES, INC.** *et al.*                                                                         **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from receipt of the recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.      Why the evidence desired to be introduced at the requested hearing was not offered to the Magistrate Judge for consideration.

      2.      The detail of any testimony desired to be introduced at a hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and/or request for a hearing to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## II.    Background:

Plaintiff, Edward Ferguson, Jr., an inmate at Arkansas Department of Corrections' East Arkansas Regional Unit, filed a pro se Complaint (#2) under 42 U.S.C. § 1983 alleging that Defendants, Correctional Medical Services, Inc. ("CMS") and its employees, Nnamdi Ifediora, M.D. and Charlotte Green R.N., violated his Eighth Amendment right to be free from cruel and unusual punishment by acting with deliberate indifference to his serious medical needs.

On September 28, 2004, Plaintiff reported to the prison infirmary claiming that he had cut his left forearm on a piece of metal while cleaning his metal commode. Dr. Ifediora treated Plaintiff in the infirmary. Dr. Ifediora found a clean incisional laceration

about two inches long on Plaintiff's left forearm. Dr. Ifediora decided to staple the wound. The first stapler malfunctioned twice when Dr. Ifediora attempted to use it on Plaintiff. After Dr. Ifediora obtained a different stapler, he closed the wound with eight staples; dressed the wound; gave Plaintiff a tetanus injection, antibiotics, and pain medication; and sent him on his way.

On October 5, 2004, Plaintiff returned to the infirmary complaining of pain and swelling in his arm. Dr. Ifediora noted that the wound was well apposed but there was surrounding erythema. Dr. Ifediora removed half of the staples, without discharge, and diagnosed Plaintiff with mild cellulitis. He prescribed two different antibiotics and pain medication for Plaintiff.

Plaintiff saw Dr. Ifediora again on October 7, 2004. Plaintiff again complained of pain including pain in his joints. Dr. Ifediora removed the remaining staples and observed that the wound was not completely apposed but was healing well and the redness and swelling were down. Dr. Ifediora diagnosed Plaintiff with a stitch infection and prescribed a triple antibiotic ointment.

On October 8, 2004, Plaintiff's wound opened. Plaintiff showed the wound to a fellow inmate and to an officer. The officer saw a shiny object inside the wound and escorted Plaintiff to the infirmary. When Plaintiff arrived at the infirmary, he saw Defendant Green. Ms. Green looked at the wound and took Plaintiff to Dr. Ifediora. Ms. Green put a drape on the table, set out a numbing medication, and then left the

examination room. Dr. Ifediora saw a staple in the wound, pulled it out, and informed the Plaintiff he must be allergic to metal. After removing the staple, Dr. Ifediora debrided and then re-closed the wound with sutures. Nurse Kesha Newton was in the examination room during the debriding procedure. Even though Dr. Ifediora did not think the wound appeared infected, he prescribed another course of antibiotics. Dr. Ifediora made a note about his treatment of Plaintiff on October 8, 2004. However, there is no record of Plaintiff's October 8th visit to the infirmary in Plaintiff's medical records. Plaintiff, Dr. Ifediora, and Ms Green all agree the October 8th procedure to remove the staple from Plaintiff's arm occurred.

After the staple was removed, Plaintiff returned to the infirmary twice for rechecks. Plaintiff did not complain of pain and the wound was healing. On October 19, 2004, Dr. Ifediora removed Plaintiff's sutures. Plaintiff did not report any further problems with the area after the sutures were removed.

Plaintiff claims that Defendants violated his constitutional right to be free of cruel and unusual punishment by: (1) unnecessarily inflicting pain on him; and (2) losing or purposely not preparing a record of the October 8th procedure. Plaintiff seeks injunctive relief, compensatory and punitive damages.

For the reasons discussed below, the Court recommends that the District Court grant Defendants' motion for summary judgment.

**III.    Discussion:**

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c). When reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the party opposing the motion. See *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Lambert v. City of Dumas*, 187 F.3d 931, 934 (8th Cir. 1999) (citing *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir.1996)). Summary Judgment is granted only where the evidence is such that no reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 242.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a federally protected right and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988). Prison officials or their agents violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). The Eighth Circuit has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered

[from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995).

    A.    **Dr. Ifediora**

Plaintiff claims that Dr. Ifediora "mistreated" him by leaving a staple in his arm and by not recording in his medical records the October 8th procedure to remove the staple. The medical records and affidavit of Dr. Ifediora indicate that each time Plaintiff came to the infirmary and complained of a medical need, Dr. Ifediora responded to Plaintiff and provided treatment. In total, Dr. Ifediora saw Plaintiff on seven occasions over a period of three weeks and prescribed four antibiotics and an antibiotic ointment to prevent infection. He also prescribed pain medication. When Dr. Ifediora became aware of the staple in Plaintiff's arm, he removed it, sutured the wound, and prescribed antibiotics so that it healed well. Plaintiff did not report any further problems with the wound after the sutures were removed.

Prison officials are "free from liability if they responded reasonably to a risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844. In this case, Dr. Ifediora responded reasonably to Plaintiff's medical needs and harm was averted.

Plaintiff has not shown that Dr. Ifediora acted with deliberate indifference to his serious medical needs.

Plaintiff's second claim against Dr. Ifediora is that Dr. Ifediora acted with deliberate indifference to his medical needs by failing to record the October 8th staple removal procedure in his medical records. Jails and prisons must maintain adequate, complete, and accurate medical records. *Ginest v. Bd. of County Comm'n. of Carbon County*, 333 F.Supp.2d 1190, 1200 (D. Wyo. 2004). However, the Eighth Amendment is implicated when inadequate, inaccurate, and unprofessionally maintained medical records give rise to the possibility of a disaster stemming from a failure to properly chart medical care received. *Cody v. Hilliard*, 599 F.Supp.2d 1057 (D. S.D. 1984) (citing *Dawson v. Kendrick*, 527 F.Supp. 1252, 1306-07 (S.D. W.Va. 1981)). "Inadequate, inaccurate and unprofessionally maintained medical records" may violate the Eighth Amendment when they constitute a "grave risk of unnecessary pain and suffering." *Burks v. Teasdale*, 492 F.Supp. 650 at 676, 678 (W.D. Mo. 1980).

In this case, Dr. Ifediora made a note of Plaintiff's October 8th visit to the infirmary and staple removal procedure, but the note was not placed in Plaintiff's medical records. Plaintiff has not alleged or demonstrated how Dr. Ifediora's failure to place his note of the October 8th procedure in the chart gave rise to a grave risk of unnecessary pain and suffering.

The Court concludes that Dr. Ifediora is entitled to judgment as a matter of law on Plaintiff's claims.

**B.     Ms. Green**

Plaintiff's only claim against Ms. Green is that she knew about the October 8th staple-removing procedure and did not record it in his chart. However, Ms. Green's testimony indicates that she draped the table, set out numbing medication for the procedure, and then left the examination room. The undisputed testimony is Ms. Green was not present for the procedure on October 8th. In light of these facts, Ms. Green could not have made a record of the procedure in Plaintiff's chart. Ms. Green could have made a record of the draping and numbing medication she set out in the examination room. However, Plaintiff has not shown that her failure to do so put him in grave risk of unnecessary pain and suffering. Accordingly, Ms. Green is entitled to judgment as a matter of law on Plaintiff's claims.

**C.     Correctional Medical Services, Inc.**

Plaintiff's final claim is that CMS, a corporation that contracts with the State to provide medical services at the East Arkansas Regional Unit, is liable to him because it hires and oversees the employees who work at the infirmary at the East Arkansas Regional Unit.

A corporation acting under color of state law will be held liable under 42 U.S.C. § 1983 only for its own unconstitutional policies. *Crumpley-Patterson v. Trinity Lutheran*

*Hospital*, 388 F.3d 588 (8th Cir. 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 S.Ct. 2018 (1978)).  The test is whether the corporation has a policy, custom, or action that inflicts an injury actionable under § 1983.  *Id.*  Here, Plaintiff does not allege or present proof that CMS has an unconstitutional policy or custom.

Further, Plaintiff does not allege that CMS had knowledge of or any connection with his treatment.  Accordingly, any attempt to obtain damages from CMS is predicated on a respondeat superior theory, and respondeat superior does not apply in lawsuits brought under 28 U.S.C. § 1983.  See *Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983); *Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir. 1978).  Accordingly, CMS is entitled to judgment as a matter of law on Plaintiff's claims.

### IV.  Conclusion:

The Court recommends that the District Court GRANT Defendants' Motion for Summary Judgment (#36) and dismiss Plaintiff's case with prejudice.

DATED this 14th day of February, 2007.

_____
UNITED STATES MAGISTRATE JUDGE